IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| ANTONIO PRECIADO VILLALOBOS, | § § § | |
| *Plaintiff,* | § § § | |
| | § | CIVIL ACTION NO. 4:22-cv-00010 |
| vs. | § § § | |
| AIM TRUCKING & OILFIELD SERVICES, LLC; and HUDSON INSURANCE COMPANY, | § § § § | |
| *Defendants.* | § | |

### DEFENDANT HUDSON INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446 and in connection with Cause No. 22-02-24278-CVR, pending in the 143rd Judicial District of Reeves County, Texas, Defendant Hudson Insurance Company ("Hudson"), files this Notice of Removal of the Cause No. 22-02-24278-CVR to the United States District Court for the Western District of Texas, Pecos Division, based on diversity of citizenship and amount in controversy. In support of this Notice of Removal, Hudson would respectfully show as follows:

### I.
### FACTUAL BACKGROUND

1.1   This Notice of Removal is required because of the improper joinder of Aim Trucking & Oilfield Services, LLC ("Aim") into the lawsuit by Plaintiff Antonio Preciado Villalobos ("Preciado Villalobos") alleging fraudulent inducement and seeking a declaratory

judgment against Hudson and Aim. (Ex. A-1). Initially, Preciado Villalobos's fraudulent inducement/declaratory judgment action was misjoined into an ongoing truck wreck case.[1] On February 11, 2022, upon a motion filed by the Bautista plaintiffs, state district judge Mike Swanson severed Preciado Villalobos's fraudulent joinder/declaratory judgment lawsuit from the ongoing truck wreck case. (Ex. A-11 at 2).

1.2    Previously, this Honorable Court remanded the fraudulent inducement/declaratory judgment action against Hudson and Aim to state court on the basis that the citizenships of the parties in the truck wreck case had to be considered in determining whether diversity jurisdiction existed with respect to Plaintiff Preciado Villalobos's fraudulent inducement/declaratory judgment action against Hudson and Aim. (4:21-cv-00022, Doc. 52 at 6, 9).[2] As of the entering of the Order granting the Motion to Sever, however, Preciado Villalobos's fraudulent inducement/declaratory judgment action became its own separate and individual action, i.e., Cause No. 22-02-24278-CVR, that was no longer associated or affiliated with the now severed non-diverse truck wreck case.

1.3    By coincidence, twelve days after this Honorable Court's initial Order of remand, the Fifth Circuit issued its decision in *Williams v. Homeland Ins. Co. of New York,* 18 F.4th 806 (5th Cir. 2021). *Williams* involved an appeal over a diverse defendant's successful removal of a

---

[1] The truck wreck case, Cause No. 19-04-22918-CVR pending in the 143rd Judicial District Court of Reeves County, Texas, involves an April 4, 2019 multi-vehicle accident occurring in Reeves County. One of the Plaintiffs intervening into the truck wreck case was Preciado Villalobos who brought negligence-based, personal injury tort claims against Aim and other Defendants. (Ex. A-1).

In the aftermath of a dispute over the settlement negotiations, Preciado Villalobos filed his Fourth Amended Petition in Intervention in the truck wreck case in which he continued to allege negligence against the truck wreck Defendants, however, he added allegations that he was fraudulently induced to accept a settlement agreement and he seeks a declaratory judgment to the same effect. (Ex. A-1 at §§ VI C ¶¶ 30-43, pgs. 9-13; VII L ¶¶ 82-88, pgs. 26-27; and VIII ¶¶ 89-95, pgs. 28-29).

[2] Relying on caselaw such as *Citizens State Bank v. Leslie,* 2019 WL 10351609 (W.D. Tex. 2019) and its incorporation of *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353 (11th Cir. 1996), Hudson argued that removal was warranted because the fraudulent inducement/declaratory judgment action against Hudson and Aim was fraudulently misjoined into the non-diverse truck wreck case.

case based on the fraudulent misjoinder of a severable diverse case into a non-diverse case. *Id.* at 810. Upon the plaintiffs' appeal of the dismissal of the misjoined non-diverse action, the Fifth Circuit in a plurality opinion (with both a concurrence and a dissent), rejected fraudulent misjoinder as a means and method to remove a case to federal court in the Fifth Circuit. *Id.* at 815.

1.4     Like Hudson herein, the defendant insurer in *Williams* argued that it would miss the 30-day deadline for removal if it had to wait until the state court severed the misjoined case. In response to this argument, the author of the plurality opinion, Circuit Judge Catherina Haynes, cleared up the surrounding confusion by holding:

> In a world without the fraudulent misjoinder doctrine, the 30-day removal deadline does not start running until *after* the state court concludes the claims are misjoined and severs all non-diverse parties. Only at that point does the case "become removable"—thereby starting the removal deadline—because only then are the parties completely diverse.

*Id.* at 817 n. 14. This notion was echoed by Circuit Judge James Ho in his concurring opinion: "[o]nce the state court dismisses the non-diverse defendants from the case, the remaining diverse defendants would have thirty days to file a notice of removal under 28 U.S.C. § 1446(b)." *Id.* at 821.[3] Accordingly, under the plurality and concurring opinions in *Williams v. Homeland,* and this Honorable Court's remand order, Hudson can remove Preciado Villalobos's fraudulent inducement/declaratory judgment action case to federal court within 30 days of the severance order. Consequently, this removal to federal court by Hudson is timely.

---

[3] In fact, without the benefit of *Williams,* District Judge David Counts' Order of Remand indicates that upon severance, "Hudson has an avenue for removing only the declaratory judgment action and fraudulent inducement claim to federal court." 4:21-cv-00022 Doc. 52 at 7. (Although the remand order cited to Tex. R. Civ. P. 174(b), the Texas state court separate trial rule, this statement unquestionably refers to severance because if separate trials were ordered, Hudson would still be in the truck wreck case and it would not be able to only remove Preciado Villalobos's fraudulent inducement/declaratory judgment action).

## II.
## BASIS FOR REMOVAL

2.1 Removal is proper in this situation because Preciado Villalobos' causes of action for fraudulent inducement and declaratory judgment invoke this Honorable Court's diversity jurisdiction and the amount in controversy exceeds $75,000.

### A. THE PROPER PARTIES ARE OF DIVERSE CITIZENSHIP.

2.2 On the one hand, Preciado Villalobos asserts in his Fourth Amended Petition in Intervention that he is a resident of New Mexico. Thus, Preciado Villalobos is considered to be domiciled in New Mexico for purposes of determining diversity jurisdiction. On the other hand, Hudson is a Delaware corporation with its principal place of business in New York City, New York, and it is a citizen of the States of Delaware and New York for purposes of determining diversity jurisdiction. Accordingly, there is diversity of citizenship between Preciado Villalobos and Hudson.

### B. THE COURT SHOULD DISREGARD THE CITIZENSHIP OF DEFENDANT AIM BECAUSE IT HAS BEEN IMPROPERLY JOINED IN PRECIADO VILLALOBOS' CAUSES OF ACTION FOR FRAUDULENT INDUCEMENT AND DECLARATORY JUDGMENT.

2.3 As a Texas citizen, and thus, an in-state defendant in Preciado Villalobos' fraudulent inducement/declaratory judgement action, pursuant to 28 U.S.C. §§ 1441(b)(2), Aim is not able to remove a Texas state court case to federal court. Accordingly, Aim is considered a non-diverse defendant in connection with Preciado Villalobos' causes of action asserted against it. As it relates to Preciado Villalobos' claims for fraudulent inducement and declaratory judgment, however, Aim was improperly joined to deprive Hudson from having Preciado Villalobos' claims against it adjudicated in federal court. In this regard, Preciado Villalobos fails to allege any facts that establish a valid cause of action against Aim. Accordingly, the Texas citizenship of Defendant

Aim should be disregarded for the purposes of evaluating diversity jurisdiction in connection with Preciado Villalobos' claims for fraudulent inducement and declaratory judgment.

2.4  The doctrine of improper joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal court jurisdiction premised on diversity of citizenship of the parties. *See Borden v. Allstate Ins. Co.,* 589 F.3d 168, 171 (5th Cir. 2009). Improper joinder is established where the defendant shows the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Gasch v. Hartford Acc. & Indem. Co.,* 491 F.3d 278, 281 (5th Cir. 2007) (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *Jimenez v. Travelers Indem. Co.*, No. H-09-1308, 2010 WL 1257802, *1 (S.D. Tex. Mar. 25, 2010). This Honorable Court may conduct this test using a Rule 12(b)(6)-type analysis of the fraudulent inducement/declaratory judgment action allegations in Preciado Villalobos's Fourth Amended Petition in Intervention to determine whether Preciado Villalobos states a valid claim or by using a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *See id.* A failure by Preciado Villalobos to specify a legal and factual basis for his claim against Aim constitutes a failure to state a claim and improper joinder of Aim. *See Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994).

2.5  In this regard, in ¶¶ 30-43 and 82-95 in his Fourth Amended Petition in Intervention (Ex. A-1 at 9-13 and 26-19), Preciado Villalobos alleges that Aim represented: 1) it would tender the policy limits of a Hudson policy; 2) that the Hudson policy limits would be interpled into the court's registry; and 3) that the Hudson policy limits would be allocated between the Bautista Plaintiffs and Plaintiffs/Intervenors pending a jury trial. In light of these alleged representations, Preciado Villalobos contends that Aim fraudulently induced him into not pursuing his claims against Aim. Preciado Villalobos likewise seeks a declaratory judgment that because of Aim's

representations, he is not bound by an alleged settlement agreement[4] and that his recovery is not limited to the remaining limits of the Hudson policy or the original limits of the Hudson policy before its partial exhaustion.

2.6 As will be demonstrated by Hudson in opposition to a Motion for Remand by Preciado Villalobos, if he files one, Preciado Villalobos' allegations of wrongdoing are entirely directed to Hudson. For example, as the insured, Aim cannot agree to tender Hudson's policy limits; nor can Aim tender the Hudson policy limits into the court's registry or agree to allocate the Hudson policy limits pending an allocation trial. Also, as a litigation adversary, Aim does not owe any duties to Preciado Villalobos with regard to settlement negotiations. Additionally, even if Aim owed a duty to its litigation opponent Preciado Villalobos, the allegations and exhibit to Preciado Villalobos's Fourth Amended Petition, on their face and by themselves, negate a viable fraudulent inducement cause of action. Since Preciado Villalobos cannot establish a valid cause of action against Aim for fraudulent inducement, this Honorable Court should disregard Aim's Texas citizenship and allow this case to proceed in this federal court.

2.7 Likewise, Preciado Villalobos' purported cause of action against Aim for declaratory judgment incorrectly alleges that Aim possesses the ability to make decisions pertaining to payment of the Hudson insurance policy proceeds. Also, Preciado Villalobos' sought after declaratory judgment is totally duplicative of his unmeritorious claim for fraudulent inducement. Thus, Preciado Villalobos' cause of action for declaratory judgment against Aim is also without merit. Since Preciado Villalobos cannot establish a valid cause of action against Aim either for fraudulent inducement or for declaratory judgment, this Honorable Court should disregard Aim's Texas citizenship, dismiss Aim without prejudice and allow Preciado Villalobos'

---

[4] Hudson disagrees with Preciado Villalobos' allegations that a settlement agreement was consummated by the parties. Although the parties attempted to reach such an agreement, their attempts were ultimately unsuccessful.

fraudulent inducement/declaratory judgment action against Hudson to proceed in this federal court.

      **C.**    **THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.**

2.8    Preciado Villalobos specifically pleads that he seeks monetary relief "over $1,000,000." (Ex. A-1 at 3, 12, 26, 28 and 29). Thus, the amount in controversy in this case exceeds the $75,000 jurisdictional threshold pursuant to 28 U.S.C. § 1446(c)(2).

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1    Venue is proper in this District and Division under 28 U.S.C. § 1446(a) because this District and Division include Reeves County in which Preciado Villalobos' fraudulent inducement/declaratory judgment action has been pending.

3.2    Pursuant to 28 U.S.C. § 1446(a), all relevant pleadings, process, orders, and all other relevant filings in the state court action are attached to this Notice.[5]

3.3    Pursuant to 28 USC § 1446 (b)(1), this Notice of Removal is being filed within 30 days of the state district court's severance of Preciado Villalobos's fraudulent inducement/declaratory judgment action against Hudson and Aim from the truck wreck case on February 11, 2022. (Ex. A-11 at 2).

3.4    Pursuant to 28 U.S.C. § 1446 (b)(2)(c), Aim consents to this removal. (Ex. C).[6]

---

[5] Attached hereto as Exhibit A is the Index of pertinent State Court Documents. The pertinent documents filed in the state court action are attached as Exhibits A-1 through A-11 as identified in the Index of State Court Documents.

Attached hereto as Exhibit B is a docket sheet. Because the Clerk of the Reeves County District Court does not maintain a current ongoing docket sheet, Hudson prepared Exhibit B from the pleadings and motions filed in connection with the severed action, Cause No. 22-02-24278-CVR.

[6] As a practical matter, since Hudson is claiming that Aim was improperly joined to destroy diversity jurisdiction, Aim's consent to this removal is not even necessary. *See, e.g., Jernigen v. Ashland Oil Inc.*, 589 F.2d 812, 815 (5th Cir. 1993).

3.5     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Reeves County District Court, promptly after Hudson files this Notice.

3.6     Also, pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be provided to Preciado Villalobos through their counsel promptly after Hudson files this Notice.

## IV.
## CONCLUSION

4.1     Hudson reserves the right to submit additional argument and evidence in support of this Notice of Removal should Preciado Villalobos move to remand his causes of action for fraudulent inducement and declaratory judgment against Hudson and Aim.

4.2     By virtue of this Notice of Removal, Hudson does not waive the right to assert any claims, defenses or other motions permitted under the Federal Rules of Civil Procedure.

4.3     Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal, and fully incorporated herein by reference, Defendant Hudson hereby removes this case to this Honorable Court and it respectfully requests that this Honorable Court take jurisdiction of the fraudulent inducement/declaratory judgment claims against Hudson and Aim to their conclusion and final judgment.

Respectfully submitted,

**THE ALLEN LAW GROUP**

/s/ Robert D. Allen
Robert D. Allen
State Bar No. 01051315
*bob.allen@theallenlaw.com*
10670 North Central Expwy., Suite 550
Dallas, TX 75231
(214) 217-5012 (Telephone)
(214) 291-5544 (Facsimile)

**ATTORNEY FOR DEFENDANT HUDSON INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2022, I served electronically the foregoing document on the following attorneys of record via the Court's electronic case filing/service system:

Christopher S. Hamilton
Ray T. Khirallah, Jr.
Joshua S. Klinck
Damian N. Williams
Grant P. Boston
Hamilton Wingo, LLP
325 N. St. Paul Street, Suite 3300
Dallas, Texas 75201
chamilton@hamiltonwingo.com
rkhirallah@hamiltonwingo.com
jklinck@hamiltonwingo.com
dwilliams@hamiltowingo.com
gboston@hamiltonwingo.com
*Attorneys for Plaintiff Preciado Villalobos*

Carlos Rincon
Sergio E. Chavez
Cindy M. Vasquez
RINCON LAW GROUP, PC
1014 N. Mesa, Suite 200
El Paso, Texas 79902
CRincon@rinconlawgroup.com
SChavez@rinconlawgroup.com
cvasquez@rinconlawgroup.com
*Attorneys for Defendants Aim Trucking & Oilfield Services, LLC and Jorge Ricardo Machado*

/s/ Robert D. Allen
Robert D. Allen